1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANA AURELIA FARRER,

        Plaintiff,

    v.

COUNTY OF MARIN and MARIN COUNTY
OF HEALTH & HUMAN SERVICES,

        Defendants.

_____/

No. C 09-00900 JSW

**ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS**

      Now before the Court is the motion to dismiss filed by Defendant County of Marin (the "County"). This motion is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for June 26, 2009 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, the Court hereby GRANTS the County's motion.

**BACKGROUND**

      Plaintiff Ana Aurelia Farrer ("Plaintiff") was employed by the County and brings this action for employment discrimination, retaliation, breach of contract and account stated. In September 2007, Plaintiff's supervisor asked her to locate a source of t-shirts with nutritional messages on them for distribution to the communities served by Plaintiff's department. (First Amended Complaint ("FAC"), ¶ 13.) The residents of the communities served by Plaintiff's department were approximately 70 percent Spanish-speaking and 30 percent English-speaking.

1   (*Id.*)  Plaintiff was not able to find a provider of Spanish language t-shirts for a reasonable price

2   and determined that she could produce the t-shirts in the appropriate languages through her own

3   company, a nutrition-consulting business she was developing at that time.  (*Id.*, ¶ 16.)

4   Plaintiff presented a proposal to her supervisor for her own company to provide the t-

5   shirts "at a sufficiently low price that neither she nor her company would realize any financial

6   benefit."  (*Id.*, ¶ 17.)  Plaintiff did not know that she should have disclosed to her supervisor that

7   the company providing the t-shirts was her own company.  (*Id.*)  The County accepted

8   Plaintiff's proposed offer for the t-shirts.  (*Id.*, ¶ 18.)  Plaintiff's business supplied the t-shirts to

9   the County at a cost to Plaintiff exceeding $10,600 and sent the County an invoice for

10  $10,581.20.  (*Id.*, ¶ 19.)  After Plaintiff delivered the t-shirts and sent an invoice to the County,

11  Plaintiff revealed that she owned the business that had supplied the t-shirts.  (*Id.*, ¶ 20.)  The

12  County then retained possession of the t-shirts but refused to pay Plaintiff for them.  (*Id.*)

13  Plaintiff brings claims for breach of contract and account stated to recover her payment under

14  the contract.

15  The County argues that the above allegations show that Plaintiff violated California

16  Government Code § 1090 ("Section 1090") and moves to dismiss Plaintiff's fourth and fifth

17  claims for breach of contract and account stated on that basis.

**ANALYSIS**

19  **A.      Legal Standard Applicable to Motion to Dismiss.**

20  A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

21  pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in

22  the light most favorable to the non-moving party and all material allegations in the complaint

23  are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  The court,

24  however, is not required to accept legal conclusions cast in the form of factual allegations, if

25  those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult Awareness

26  Network,* 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain,* 478 U.S. 265, 286

27  (1986)).  Conclusory allegations without more are insufficient to defeat a motion to dismiss for

28  failure to state a claim upon which relief may be granted.  *McGlinchy v. Shell Chemical Co.,*

United States District Court
For the Northern District of California

1   845 F.2d 802, 810 (9th Cir. 1988).  Even under the liberal pleading standard of Federal Rule of

2   Civil Procedure 8(a)(2), a plaintiff must do more than recite the elements of the claim and must

3   "provide the grounds of his entitlement to relief."  *Bell Atlantic Corporation v. Twombly*, 550

4   U.S. 544, 555 (2007) (internal brackets and quotations omitted).  The pleading must not merely

5   allege conduct that is conceivable.  Rather, plaintiffs must allege "enough facts to state a claim

6   to relief that is plausible on its face."  *Id.* at 570.

7   **B.      Plaintiff's Fourth and Fifth Claims.**

8          Section 1090 provides in pertinent part: "Members of the Legislature, state, county,

9   district, judicial district, and city officers or employees shall not be financially interested in any

10  contract made by them in their official capacity. ... Nor shall state, county, district, judicial

11  district, and city officers or employees be purchasers at any sale or vendors at any purchase

12  made by them in their official capacity."  Cal. Gov. Code § 1090.  "[A] contract in which a

13  public officer is interested is *void,* not merely voidable."  *Klistoff v. Superior Court*, 157 Cal.

14  App. 4th 469, 481 (2007) (quoting *Thomson v. Call*, 38 Cal.3d 633, 646 n.15 (1985)) (emphasis

15  in original).  Someone "who violates section 1090, regardless of whether the violation is

16  intentional, forfeits any rights or interests flowing from the illegal contract."  *Finnegan v.*

17  *Schrader*, 91 Cal. App. 4th 572, 583 (2001) (citation omitted).

18         Plaintiff argues that she did not violate Section 1090 by having her company provide t-

19  shirts to the County because she did not actually "make" the contract and she did not stand to

20  gain any financial profit from the contract.  Additionally, Plaintiff argues that the County should

21  be estopped from claiming that she violated Section 1090 because the County failed to provide

22  her training on this conflict of interest provision.

23         The term "made" in Section 1090 is interpreted broadly to include "preliminary

24  discussions, negotiations, compromises, reasoning, planning, drawing of plans and

25  specifications and solicitations of bids."  *People v. Gnass*, 101 Cal. App. 4th 1271, 1293 (2002)

26  (quotation marks and citation omitted).  The court in *Gnass* explained that this broad

27  construction of the statute:

28                 is predicated upon the rationale that government officers and employees are
                   expected to exercise absolute loyalty and undivided allegiance to the best

3

United States District Court

For the Northern District of California

1
2
3

interests of the governmental body or agency of which they are officers or employees, and upon the basis that the object of such a statute is to remove or

limit the possibility of any personal influence, either directly or indirectly which may bear or an officer's or employee's decision.

4 *Id*. (quotation marks and citation omitted).  Thus, the test under Section 1090 "is whether the

5 officer or employee *participated* in the making of the contract in his official capacity." *Id*.

6 (emphasis in original) (quotation marks and citation omitted). Plaintiff does not dispute that she

7 *participated* in the making of the contract for t-shirts in her official capacity by submitting the

8 proposed offer to her supervisor.  Instead, Plaintiff argues that this broad construction of

9 "made" under Section 1090 should be limited to employees with disloyalty-engendering

10 incentives which she did not have.  However, Plaintiff does not provide any authority in support

11 of her argument and the Court does not read *Gnass* to limit its holding to officers or employees

12 with improper motives.  In fact, the court notes that "an impairment of judgment can occur in

13 even the most well-meaning of men when their personal economic interests are affected by the

14 business they transact on behalf of the Government."  *Gnass*, 101 Cal. App. 4th at 1287

15 (quotation marks and citation omitted).  Therefore, based on the allegations in her FAC, the

16 Court finds that Plaintiff participated in, and thus, made the contract to provide t-shirts under

17 Section 1090.

18        Alternatively, Plaintiff argues that her allegations demonstrate that the contract falls

19 within the statutory exception set forth in California Government Code § 1091.5(a)(2) ("Section

20 1091.5"), which provides that "[a]n officer or employee shall not be deemed to be interested in

21 a contract if his or her interest is ... [t]hat of an officer in being reimbursed for his or her actual

22 and necessary expenses incurred in the performance of official duties."  However, Plaintiff does

23 not allege she made the t-shirts in performing her official duties.  Instead, she alleges that her

24 duties were to find a vendor to provide such t-shirts.  (FAC, ¶ 13.)  Therefore, pursuant to the

25 plain language of 1091.5, Plaintiff was not seeking to be reimbursed for "actual and necessary

26 expenses incurred in the performance of official duties."

27        Plaintiff also argues that she was not "financially interested" in the contract for the t-

28 shirts because she did not stand to gain any financial profit from the contract.  The Court notes

United States District Court

For the Northern District of California

that the statute does not exempt government officials or employees who enter into bad or non-profitable contracts.  Plaintiff clearly had a financial interest in the contract to provide t-shirts to the County.  As the court in *Gnass* notes: "The interest proscribed by [Section 1090] is an interest in the contract.  The purpose of the prohibition is to prevent a situation where a public official would stand to gain or lose something with respect to the making of a contract over which in his official capacity he could exercise some influence."  *Gnass*, 101 Cal. App. 4th at 1297 (quotation marks and citation omitted).  Nevertheless, the Court need not determine whether Plaintiff may be "financially interested" in a contract pursuant to Section 1090 under which she would not obtain any profit.  The statute also plainly prohibits government officers or employees from being a vendor of any purchase made by them in their official capacity.   Cal. Gov. Code § 1090.  Plaintiff explicitly alleges that she proposed to her supervisor that her personal business be the vendor for the t-shirts.  Therefore, the Court finds that Plaintiff's own allegations establish that she violated Section 1090.

Lastly, Plaintiff argues that the Court should be estopped from asserting that she violated Section 1090 because the County refused to provide her training on performing procurement projects.  However estoppel requires that the party "must either represent or conceal material facts with knowledge of the true facts (or gross negligence as to them) and with the intent that another who is ignorant of the facts will rely on the misrepresentation or concealment. ...Estoppel generally involves misrepresented or concealed *facts*."  *Jordan v. City of Sacramento*, 148 Cal. App. 4th 1487, 1496 (2007) (emphasis in original).  Plaintiff does not allege that the County failed to advise her of material facts, but rather, that the County failed to provide her with sufficient training on the applicable law.  Moreover, Plaintiff does not allege, or argue that she could allege in good faith, that the County withheld information with the intent that Plaintiff would rely on the concealment.  Therefore, the Court finds that Plaintiff cannot rely on estoppel based on the facts in her complaint and thus, grants the County's motion to

1    dismiss Plaintiff's fourth and fifth claims to recover under the contract for the t-shirts with

2    prejudice.[1]

3                                        **CONCLUSION**

4           For the foregoing reasons, the Court GRANTS the County's motion to dismiss

5    Plaintiff's fourth and fifth claims for breach of contract and account stated.

6           **IT IS SO ORDERED.**

7

8    Dated: June 23, 2009

9                                                          JEFFREY S. WHITE
                                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26      [1]  Although Plaintiff seeks leave to amend, she has not argued that she could allege
     any facts that, if true, would demonstrate that Section 1090 does not bar her recovery under
27   her breach of contract or account stated claims.  Therefore, the Court declines to provide
     Plaintiff leave to amend.  *See Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th
28   Cir.2002) ("A district court ... does not abuse its discretion in denying leave to amend where
     amendment would be futile.").

**United States District Court**
For the Northern District of California

6